

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL MOOMEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-436-A |
| | § | |
| PORTABLE ON DEMAND STORAGE | § | |
| D/B/A PODS, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION & ORDER

Came on for consideration the motion to dismiss for failure to state a claim filed by defendant PODS Enterprises, LLC ("Enterprises")[1]. Doc.[2] 18. Having considered the motion, the response by plaintiff, Michael Moomey, the record, and the applicable legal authorities, the court finds that such motion should be granted in part.

I.

Relevant Facts

Plaintiff alleges the following facts:

---

[1] In its "Response, Objections and Answer," Enterprises asserted that plaintiff non-suited his claims against Enterprises by excluding Enterprises from the amended complaint. Doc. 17 ¶ 6. Despite plaintiff's inexplicable decision to exclude the legal name of the only defendant to appear up to that point in the litigation, he did not non-suit his claims against Enterprises because he listed as defendants "Portable on Demand Storage d/b/a PODS" and "PODS Moving and Storage," Doc. 16, which Enterprises alleges are fictitious names used by Enterprises, Doc. 1 ¶ 3.

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

On or about January 2, 2018, a large sheet of ice slid off a vehicle owned by defendants and driven by defendants' agent or employee. Doc. 16 ¶¶ 7, 10. The ice collided with a vehicle driven by plaintiff. Id. ¶ 7. Attempting to avoid the collision, plaintiff stopped his vehicle, and a compressor in the rear seat of plaintiff's vehicle continued forward and struck the rear of the driver's seat, causing severe injuries to plaintiff. Id.

II.

Plaintiff's Claims

After removal to this court by Enterprises, the court ordered plaintiff to file an amended complaint, and plaintiff complied. Doc. 16. Such amended complaint states that the negligence of defendants and their driver caused plaintiff's injuries, id. ¶¶ 8-9, and that defendants are liable for the negligence of their driver under the doctrine of respondeat superior, id. ¶¶ 10-11. The amended complaint also states that defendants are liable for each other's negligence because they are principals and agents of one another and because they are engaged in a joint enterprise. Id. ¶¶ 12-18.

2

III.

Grounds for the Motion

Enterprises moved to dismiss plaintiff's claims for failure to state a claim upon which relief may be granted. Doc. 18. Enterprises argues that plaintiff failed to plead facts to satisfy the pleading requirements as to any of his causes of action. Id. ¶¶ 6, 8. Enterprises also asserts that plaintiff's failure to differentiate between defendants is grounds for dismissal. Id. ¶ 8.

IV.

Applicable Legal Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a pleading need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the pleader to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must

3

accept all of the factual allegations in the pleading as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss, the facts pleaded must allow the court to infer that the pleader's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

V.

Analysis

Enterprises argues that plaintiff's claims should be dismissed for failure to identify the specific defendant against whom each claim is brought. Id. ¶ 8. The court disagrees. Enterprises also argues that the claims should be dismissed for failure to state a claim because plaintiff "fails to offer any

4

facts to support one or more of the necessary elements, or he simply alleges the ultimate factual conclusion without any supporting factual content that would render his conclusion plausible." Doc. 18 ¶ 6. The court agrees as to the agency and joint enterprise claims but finds that plaintiff pleaded facts to support claims of negligence and respondeat superior against Enterprises.

A.  Plaintiff's claims should not be dismissed for failure to differentiate between defendants.

Plaintiff's claims need not be dismissed for failure to differentiate between defendants and for referring to them collectively as "the PODS defendants." Courts have found that failure to differentiate between defendants may be grounds for dismissal when such failure makes it impossible for any defendant to ascertain the specific acts for which they are allegedly liable. See, e.g., Robbins v. Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008). However, when the complaint alerts defendants that identical claims are asserted against each of them, courts have found that nothing in Rule 8 prohibits collectively referring to multiple defendants. See, e.g., Lasslett v. Tetra Tech., Inc., No. DR-13-CV-072-AM-CW, 2015 WL 13805181, at *2 (W.D. Tex. Sept. 30, 2015); Hudak v. Berkley Grp., Inc., No. 3:13-CV-00089-WWE, 2014 WL 354676, at *4 (D.

5

Conn. Jan. 23, 2014). Here, plaintiff pleads the occurrence of a single, straightforward incident and attributes identical conduct to the defendants. Consequently, the amended complaint gave Enterprises fair notice of the claims and the grounds upon which they rest, as required by Rule 8. Twombly, 550 U.S. at 555. Therefore, the claims should not be dismissed for making collective references to defendants.

B. Plaintiff pleaded facts to support his negligence and respondeat superiror claims.

Plaintiff adequately pleaded facts to support his negligence and respondeat superior claims against Enterprises, and such claims should not be dismissed. To prevail on a negligence claim under Texas law, a plaintiff must show that (I) the defendant owed the plaintiff a duty, (II) the defendant breached that duty, and (III) the breach proximately caused damages. Boudreaux v. Swift Transp. Co., Inc., 402 F.3d 536, 540-41 (5th Cir. 2005) (citing Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995)). "Under the doctrine of respondeat superior, an employer is vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or employment, although the principal or employer has not personally committed a wrong."

6

Baptist Mem'l Hosp. Sys. V. Sampson, 969 S.W.2d 945, 947 (Tex. 1998).

As to respondeat superior, plaintiff pleaded that the driver of Enterprises's vehicle was an agent or employee of Enterprises and that driving such vehicle was within the scope of such individual's employment or agency. Id. ¶ 10-11. As to the existence of a duty, plaintiff pleaded that such vehicle was driven on a public road. Id. ¶ 7. "A driver has a general duty to exercise the ordinary care a reasonably prudent person would exercise under the same circumstances to avoid a foreseeable risk of harm to others." Ciguero v. Lara, 455 S.W.3d 744, 748 (Tex. Ct. App.—El Paso 2015). As to breach of duty, plaintiff pleaded that Enterprises or its agents or employees breached their duties of ordinary care by failing to (I) "ensure that ice had not built up on the POD load loaded on their vehicle," (II) "adequately secure a part of their load," and (III) "train their employees to clear ice from the POD before loading or transporting it." Id. ¶ 9. As to causation, plaintiff pleaded that his injuries resulted from a sudden stop caused by a large sheet of ice that slid off the PODS vehicle and collided with his own vehicle. Id. ¶ 7. Because he alleged facts to support his negligence and respondeat superior claims, such claims should not be dismissed.

C. <u>Plaintiff failed to plead facts to support his agency and joint enterprise claims.</u>

Plaintiff does not plead facts to support the elements of his agency and joint enterprise claims, and such claims should be dismissed. Plaintiff relies exclusively on conclusory statements to support these claims. Doc. 16 ¶¶ 12-13 (agency), 14-18 (joint enterprise). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." <u>Iqbal</u>, 556 U.S. at 679. Even accepting all well-pleaded facts in the amended complaint as true, the court lacks any reason to infer the existence of an agency relationship or joint enterprise between defendants. Accordingly, such claims should be denied.

## VI.

### Order

Therefore,

The court ORDERS that Enterprise's motion to dismiss be, and is hereby, granted in part and denied in part, and that the agency and joint enterprise claims asserted by plaintiff against Enterprises be, and are hereby, dismissed.

SIGNED July 13, 2020.

/s/ John McBryde
JOHN McBRYDE
United States District Judge